UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80240-CIV-HURLEY/HOPKINS

EVANGELINE PATTERSON, on her
own behalf and others similarly situated

    Plaintiff,

v.

PALM BEACH COUNTY SCHOOL BOARD,
a governmental agency employer,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

The parties in this matter jointly move the Court to approve the settlement of this matter on a class-wide basis; to authorize notice to class members accordingly; and to retain jurisdiction over submission and payment of claims so that the matter may be finally concluded as to all those who elect to participate in the settlement.  In support of their motion, the parties would show:

1.    This case involves a class of bus drivers and attendants represented by Plaintiff in a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for alleged unpaid overtime.  To date, eleven additional plaintiffs have opted into this collective action pursuant to 29 U.S.C. § 216(b), subject to their eligibility to participate in this settlement in accordance with the terms described herein.

2.    The Court authorized notice to all members of the class of bus drivers and attendants regarding their right to opt into this collective action in its 10/03/2007 Order Granting Plaintiff's Motion to Allow Notification to Potential Class Members.  (D.E. 34).

Pursuant to this Court's authorization, the Palm Beach County School Board was to provide names and contact information for school bus drivers in the asserted class to Plaintiff no later than Monday, October 15, 2007, then Plaintiff's counsel was authorized to proceed with class notification.

3. The School Board timely supplied the list of class members, and the parties then reached a settlement on a class-wide basis through the establishment of a claims-made settlement fund to which all class members who desire compensation may submit a claim.

4. Although the School Board denies liability, it has agreed that it is in the public interest to resolve this matter now by establishing a common settlement fund that will provide for payment to resolve all claims alleged damages for all class members within a 2-year statute of limitation. The parties agree that class-wide resolution serves the public interest and the interests of judicial economy by avoiding piecemeal claims and instead resolving all claims in a comprehensive and efficient manner.

5. Attached and incorporated as <u>Exhibit "A"</u> is a copy of the fully executed Settlement Agreement between the parties. (The Settlement Agreement was duly authorized and approved by the Palm Beach County School Board at its October 31, 2007 meeting.)

6. Since this case is a collective action, the settlement would only bind those class members who opt into the case and agree to its terms by submitting a timely claim. Therefore, the parties submit that the proposed Settlement Agreement is ripe now for consideration by the Court. The parties further submit that it is fair and reasonable and propose that the notice to be sent to class members include the settlement and resolution

of all claims. A form of proposed notice is attached as <u>Exhibit "B"</u>. A proposed claim form and consent to join is attached as <u>Exhibit "C"</u>.

7.  The essential components of the agreement are that the Palm Beach County School Board is allocating $985,600 in order to pay an overtime wage and non-wage award to approximately 1187 employees who held the positions of School Bus Driver I, School Bus Driver II, or School Bus Attendant, but excluding employees who had not completed probation (the "Settlement Class"). The claims period covers the two prior school years, consistent with the statute of limitations: 2005-2006 and 2006-2007. From this fund, payment would be made as follows, subject to pro-ration relative to periods not worked on a quarterly basis and relative to the total number of claims and available settlement funds:

> a) A single check payable to each Class Member submitting a timely and valid claim, pro-rated as further described herein, of a gross amount of no more than $650 as back wages for claimants in the Driver 1 group; $750 as back wages for claimants in the Driver 2 group; or $500 as back wages for claimants in the Bus Attendant group, minus all applicable withholdings and separate from taxes or contributions for which the EMPLOYER is additionally responsible to pay, all according to the time table set forth in the Agreement;
>
> b) A second check payable to each Class Member submitting a timely and valid claim, pro-rated as further described herein of no more than $550 as a non-wage award for claimants in the Driver 1 group; $650 as a non-wage award for claimants in the Driver 2 group; or $400 as a non-wage

        award for claimants in the Bus Attendant group, all according to the time table set forth in the Agreement;

    c) As applicable, a check for a participation fee of $5,000.00 to EMPLOYEE and a check for a participation fee of $500.00 to each other plaintiff who joined the Lawsuit as of mediation on September 24, 2007, and who is otherwise eligible to participate as a claimant to the settlement, according to the time table set forth in the Agreement.

8. The proposed awards were calculated as a matter of averages to ensure that employees who allegedly worked un-compensated overtime are accorded full relief, by pay grade, for a typical overtime claim and, additionally, in lieu of individual variations or claims for liquidated damages, to ensure that all such claims are compromised and resolved by a further non-wage payment.

9. The Settlement Agreement also includes a proactive measure whereby the School Board agrees that, as of the start of the 2008-2009 school year, the Settlement Class will be paid a hourly rate pursuant to the hours actually worked during any given pay period and paid an overtime rate for any hours over forty (40) which are worked during any given work week.

10. The School Board shall make an additional payment equal to 17.5% of the fund to Plaintiffs' counsel, the Shavitz Law Group, P.A. ("SLG"), for all fees and costs incurred to date, and to be incurred, in counseling class members and assisting with the settlement process through the next six months until the conclusion of the settlement.

11. The parties are proposing the following time table for administration of this class-wide settlement:

a) Nov. 2, 2007 – Submission of settlement paperwork to Court;

b) 10 business days after court approval, School Board delivers checks for attorney's fees and costs and for participation fees to SLG;

c) 20 days after court approval, School Board calculates pro-ration for class members;

d) 35 days after court approval, School Board sends Settlement Notice, Claim Form and necessary translations with return envelope to SLG;

e) 95 days after court approval, Claim Forms to be RECEIVED at SLG;

f) 100 days after court approval, SLG to file and serve composite exhibit of Claim Forms received;

g) 120 days after court approval, School Board to send Release with return envelopes to School Board;

h) 150 days after court approval, Releases due to be RECEIVED at School Board;

i) 165 days after court approval, School Board to provide Excel spreadsheet on award calculations to SLG;

j) 170 days after court approval, School Board to issue checks to Claimants submitting a timely Release;

k) 180 days after court approval, School Board to file and serve final report on Claimants included, Claimants excluded, individual awards, and reversion to School Board, if any.

12. The parties are proposing a claims-made settlement for payment of those members of the Settlement Class who submit a timely claim and execute a Release in

accordance with the provisions of this Agreement.  Those members of the Settlement Class  who do not timely claim payment from the Settlement Fund by timely opting in to this Agreement shall not have their individual rights affected, and the funds allocated for said person, in whole or in part, shall revert to the School Board.

13. Accordingly, it is in the interest of the class members; the interest of the public, and the interest of judicial economy for this Court to approve a class-wide settlement and to authorize notice to the Settlement Class accordingly.

## MEMORANDUM OF LAW

As a general rule, the FLSA's overtime provisions are "mandatory," meaning that they generally are not subject to negotiation or bargaining between employer and employee.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).  There are two mechanisms, however, by which FLSA overtime claims can be settled, compromised, or released by an employee.  *Id.* at 1352-53.  The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor.  *Id.*  The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in

> dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail*, 391 F. Supp. 2d at 1146. Where, as here, a plaintiff is offered full relief, judicial scrutiny and approval of the terms of an FLSA settlement is not required. *Id.* at 1145.

The parties respectfully request that the Court approve the agreed terms of settlement, as those terms are recited above and in the attached Settlement Agreement. The parties submit that the terms of settlement are fair and reasonable for all class members in light of the relevant factors analyzed below. *See id*. at 1145-46.

(1) <u>The existence of fraud or collusion behind the settlement</u>. The parties' agreement to resolve this matter is not the result of any fraud or collusion by, between, or among any of the parties or their counsel. The parties' attorneys have represented their clients' interests zealously since commencement of the litigation. Counsel and the parties determined that prolonged litigation over a relatively small amount in controversy per plaintiff would be highly inefficient.

(2) <u>The complexity, expense, and likely duration of the litigation</u>. The parties believe that litigation of this action would have been particularly complex, and the expense of the litigation over a period of several months or upwards of one year would have exceeded the potential value of the case, thus making continued litigation highly costly for the parties and the judicial system.

(3) <u>The stage of the proceedings and the amount of discovery completed</u>. The parties were able to resolve this matter at a very early stage in the litigation. The

commencement of early settlement discussions proved critical to the parties' ability to reach agreement on the terms of settlement, as neither side had invested a prohibitive amount of time or money in the litigation in terms of attorneys' fees, costs, or otherwise.

(4)     <u>The probability of Plaintiffs' success on the merits</u>.  While the parties may have felt strongly about their respective positions, it is difficult to attach a percentage to the probability of Plaintiffs' success on their claims.  The parties agree that this settlement is the most efficient and reasonable manner to resolve this action.

(5)     <u>The range of possible recovery</u>.  Plaintiff Evangeline Patterson's position is that she and the eleven opt-in plaintiffs, and the similarly situated employees whom they purport to represent, are entitled to overtime compensation.  The School Board submits that Mrs. Patterson, the eleven opt-in plaintiffs, and the persons whom they purport to represent were properly paid overtime in accordance with the requirements of the FLSA, meaning that no overtime compensation is due and owing.

(6)     <u>The opinion of counsel</u>.  Undersigned counsel for the parties agree that prolonged litigation over a relatively small sum of money per plaintiff would have been highly inefficient for the parties and this Court.  Accordingly, the parties and their counsel believe that the proposed resolution of this matter is fair and reasonable under the circumstances.  Moreover, resolution of the matter as a claims-made settlement with a fixed attorney's fee and a reversionary right to the School Board for all un-claimed funds is the most efficient use of public tax dollars.

WHEREFORE, the parties jointly move this Court to approve the settlement of this matter on a class-wide basis; to authorize notice to class members accordingly using, in substantially similar form, the form of notice and the claim form included as exhibits

hereto; and to retain jurisdiction over submission and payment of claims so that the matter may be finally concluded as to all those who elect to participate in the settlement.

(A proposed order is included.)

Dated: November 2, 2007  
Boca Raton, Florida

Respectfully submitted,

**s/GREGG I SHAVITZ**  
Gregg I. Shavitz  
Florida Bar No. 11398  
E-mail: gshavitz@shavitzlaw.com  
Hal B. Anderson  
Florida Bar No. 93051  
E-mail: hal.anderson@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Ste 404  
Boca Raton, Florida 33432  
Telephone: 561-447-8888  
Facsimile: 561-447-8831  
Attorneys for Plaintiffs

- AND -

**s/GERALD A. WILLIAMS**  
Gerald A. Williams, Esquire  
Email: williamsg@palmbeach.k12.fl.us

**s/VICKI EVANS-PARE**  
Vicki L. Evans-Pare, Esquire  
E-mail: evansv@palmbeach.k12.fl.us  
Sonia Elizabeth Hill, Esquire  
E-mail: hillso@palmbeach.k12.fl.us  
School Board of Palm Beach County  
3318 Forrest Hill Boulevard, Suite C-302  
West Palm Beach, FL 33406-5813  
Tel: (561) 434-7359  
Fax: (561) 434-8105  
Attorneys for Defendant,  
Palm Beach County School Board